872 F.2d 1027
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jeffrey A. MURR, Plaintiff-Appellant,
v.
Ronald NELSON, William Perkins, Defendants-Appellees.
 No. 88-3908.
 United States Court of Appeals, Sixth Circuit.
 April 4, 1989.
 
 1
 Before ENGEL, Chief Judge, BOGGS, Circuit Judge, and THOMAS A. BALLANTINE, District Judge.*
 
 ORDER
 
 2
 Murr, a pro se Ohio prisoner, appeals the district court's dismissal of his civil rights complaint filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Murr, a former inmate at the Pickaway Correctional Institute (PCI), filed suit alleging that the defendants Nelson, inspector of institutional services at PCI, and Perkins, manager of Unit A housing at PCI, violated his eighth and fourteenth amendment rights when they placed him in a noisy dormitory where he was unable to sleep during the day after working the night shift (11:00 p.m.--7:00 a.m.) at the prison's power plant. Murr sought monetary, declaratory and injunctive relief. The district court granted the defendant's motion for summary judgment finding that the defendants' actions did not amount to cruel and unusual punishment.
 
 
 4
 Upon review, we affirm the district court's judgment as the facts of this case do not rise to the level of an eighth amendment violation. The record reflects that once informed of Murr's sleeping difficulties, the defendants immediately sought to remedy the problem. Plaintiff was moved to two different locations in an attempt to accommodate his request for quieter quarters; and when those efforts failed, Murr was ultimately reassigned to the day shift after working only two months on the night shift. Under these circumstances, we conclude that the defendants' actions did not constitute a wanton and unnecessary infliction of pain as the defendants were simply not deliberately indifferent to Murr's need for sleep. See Whitley v. Albers, 475 U.S. 312, 319 (1986); Estelle v. Gamble, 429 U.S. 97, 103 (1976). Consequently, the district court properly granted the defendants summary judgment. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Adcock v. Firestone Tire & Rubber Co., 822 F.2d 623, 626 (6th Cir.1987).
 
 
 5
 Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Thomas A. Ballantine, Jr., U.S. District Judge for the Western District of Kentucky, sitting by designation